IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RINALDO BANKSTON, # N-31614, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-1371-SMY |
| | ) | |
| WARDEN DENNISON and | ) | |
| JAMES BALDWIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Rinaldo Bankston, who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this action pursuant to 42 U.S.C. § 1983. This matter is now before the Court for preliminary review. Before the Court can screen the Complaint pursuant to 28 U.S.C. § 1915A, however, it must first address Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). (Doc. 2).

## IFP Motion

Plaintiff seeks leave to proceed IFP without prepayment of the Court's usual $350.00[1] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent)

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions where pauper status is not granted.

1

for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's IFP Motion and affidavit appear to satisfy these requirements.

However, an inmate may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is subject to the "three strikes rule."

When setting forth his litigation history in the Complaint (Doc. 1, p. 3), Plaintiff disclosed eleven actions, indicating that they were pending, settled or dismissed. However, Plaintiff failed to disclose that the following cases were dismissed as frivolous or for failure to state a claim upon which relief may be granted: (1) *Bankston v. Cook County Jail, et al.,* No. 12-cv-4843 (dismissed August 29, 2012, failure to state a claim); (2) *Bankston v. Thaler et al.,* No. 17-cv-1938 (N.D. Ill., dismissed June 1, 2017, failure to state a claim); *Bankston v. Dart et al.,* No. 17-cv-1421 (N.D. Ill., dismissed August 25, 2017, failure to state a claim); and *Bankston v. Vandalia Correctional Center et al.,* No. 17-cv-990-SMY (S.D. Ill., dismissed October 31, 2017, legally frivolous).

Thus, prior to commencing this action, Plaintiff "struck out" by filing 3 or more prisoner actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Because Plaintiff has accumulated at least 3 strikes (4 in fact) for purposes of § 1915(g), he may not proceed IFP in this or any other pending case in

federal court unless he is in imminent danger of serious physical injury. Having reviewed Plaintiff's Complaint, the Court concludes that he does not satisfy this requirement.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff does not sufficiently allege imminent danger when he references a past injury that has not recurred. *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

Here, Plaintiff does not claim that he faces imminent danger at this time. Instead, he lists various frustrations and complaints about prison life. For instance, Plaintiff complains about the grievance procedure (Doc. 1, pp. 15-18); dirty and "raggedy" bedding material and clothing issued to prisoners (Doc. 1, p. 4); cell windows that are broken and electronic doors that sometimes do not open properly (Doc. 1, p. 4); dirty ventilation and lack of air conditioning (Doc. 1, p. 7); inadequacies in the law library (Doc. 1, p. 9); a dirty laundry room (Doc. 1, p. 5); and mold in the showers (Doc. 1, p. 6). Moreover, some of these incidents took place in the past and do not appear to be ongoing (e.g., prior placement in an extremely cold cell). Plaintiff also speculates that prison officials are taking "money under the table" because he and other prisoners have not been receiving their full state pay. (Doc. 1, p. 17). None of these allegations are sufficient to show imminent danger.

Plaintiff's allegations pertaining to recent medical treatment for his degenerative disc disease, leg/ankle pain and sinus problems (Doc. 1, pp. 12-14) also fall short of stating imminent danger. According to the Complaint, in October 2017, Plaintiff was seen by several nurses regarding his medical complaints. (Doc. 1, pp. 12-13). Although Plaintiff references several medical issues, he only provides specifics regarding treatment for leg/ankle pain. *Id.* Plaintiff claims that his leg was swollen, hot to the touch, and severely painful. *Id.* He was seen by several nurses before "he was actually ever truly referred to be seen by the doctor." (Doc. 1, p. 13).

The Complaint indicates that Plaintiff was examined by a nurse on October 8, 2017, October 21, 2017, October 28, 2017 and October 31, 2017. (Doc. 1, pp. 12-14). On October 31, 2017, the examining nurse took Plaintiff's vitals, examined his leg, took measurements of the "knot" in his leg, prescribed Ibuprofen, and referred him to a physician. (Doc. 1, p. 14). Although Plaintiff claims that he is still experiencing severe pain in his and is dissatisfied with the nursing staff (describing them as "lazy" and "negligent"), these facts do not suggest that Plaintiff is presently being denied medical care. On the contrary, Plaintiff was seen by medical staff at least 4 times during the month of October and, on his final visit, was referred to a physician for further care.

Finally, some of Plaintiff's allegations, though serious, are really generalized concerns about dangers at Shawnee and are not specific to Plaintiff. Plaintiff expresses concern about the "many assaults by C/Os on offenders, offenders on offenders [and] the rapes" and asks "why aren't there any surveillance cameras?" (Doc. 1, p. 18). The Court does not take allegations of physical or sexual assault lightly. However, alleging that *other* prisoners have been assaulted at Shawnee does not establish that there is presently a real and proximate threat to *Plaintiff's* safety.

After carefully considering the allegations in the Complaint, the Court concludes that Plaintiff faces no imminent danger of serious physical injury and cannot overcome the 3-strikes hurdle set forth under § 1915(g). Accordingly, Plaintiff's IFP Motion shall be denied.

### **Warning – Litigation History**

In the standard complaint form, Plaintiff was directed to list any previous lawsuits he has brought relating to his imprisonment. The Court relies on this information in order to adhere to the 3-strike restriction in 28 U.S.C. § 1915(g). Moreover, when the undersigned judge issued Plaintiff's fourth strike, *see Bankston v. Vandalia Correctional Center et al.,* No. 17-cv-990-SMY (Doc. 11), Plaintiff was warned about his "3-strike" status. *Id.* at p. 5. Yet, as previously noted, when setting forth his litigation history in his Complaint, Plaintiff did not disclose *any* of his strikes. Plaintiff is **WARNED** that failure to clearly disclose each of his strikes in future litigation may result in the imposition of sanctions that include dismissal of the action for attempting to commit fraud on the Court. *See Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (court may appropriately dismiss action filed by prisoner seeking to proceed as a pauper where he fails to accurately disclose his litigation history).

### **Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 2) is **DENIED**.

**IT IS ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **February 1, 2018**). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See*

FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: January 11, 2018**

s/ STACI M. YANDLE
United States District Judge
