# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RINALDO BANKSTON, # N-31614,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-1371-SMY |
| | ) | |
| **WARDEN DENNISON and** | ) | |
| **JAMES BALDWIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff has "struck out" under 28 U.S.C. § 1915(g). After reviewing the Complaint, the Court concluded Plaintiff did not meet the imminent danger requirement. (Doc. 5). Accordingly, on January 11, 2018, the Court denied Plaintiff's IFP Motion and ordered Plaintiff to pay the full filing fee of $400.00 on or before February 1, 2018. *Id.* Plaintiff was warned that failure to comply would result in dismissal. *Id.*

In lieu of paying the filing fee, Plaintiff filed a Motion for Temporary Restraining Order ("TRO") and/or a Motion for Preliminary Injunction. (Doc. 6, 6-1). Both motions were denied on January 23, 2018. (Doc. 8). One week later, Plaintiff filed a Motion to Reconsider. (Doc. 9). On February 21, 2018, the Court denied Plaintiff's Motion to Reconsider and ordered Plaintiff to pay the full filing fee of $400.00 on or before February 28, 2018. (Doc. 10). Once again, Plaintiff was warned that failure to comply would result in dismissal. *Id.* Further, the Court's order was forwarded to Plaintiff at Shawnee Correctional Center.

The date to pay the filing fee has passed, and Plaintiff has failed to pay. As a result, this action is **DISMISSED** without prejudice, for failure to comply with an Order of this Court. FED.

R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). All pending motions are **DENIED AS MOOT.** This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). To that end, the agency having custody of the Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at Shawnee Correctional Center upon entry of this Order.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir.

1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: March 23, 2018**

s/Staci M. Yandle
United States District Judge